## JUAN LEAL *v*. THE STATE.

RECEIVING EMBEZZLED PROPERTY is not a violation of the penal laws of this State. See the opinion in this case *in extenso* for the reasons.

APPEAL from the District Court of Bexar. Tried below before the Hon. G. H. NOONAN.

The case is sufficiently stated in the opinion.

*Bryan Callaghan*, for the appellant. It is submitted that no act or omission is an offense, unless so declared by the written law of the land. Penal Code, art. 3. The only provision bearing on the question at issue is as follows:

" If any person shall receive or conceal property which has been acquired by another in such manner as that the acquisition comes within the *meaning of the term theft*, knowing the same to have been so acquired, he shall be punished in the same manner as by law the person stealing the same would be liable to be punished." Penal Code, art. 743.

The last cited article declares it to be an offense for any one to receive or conceal property when the acquisition by the previous wrong-doer comes within the meaning of the term theft. Substitute " word " for " term," and both

the words as herein used have the same signification,. and the article would then read:

"If any person shall receive or conceal property ac-- quired by another in such manner as that the acquisition. comes within the meaning of the word theft; "— not, it is submitted, within any of the degrees of theft, but within the meaning of the word theft.   The term "theft" in the, Texas Codes is synonymous with "larceny," as that term' is employed at common law.   *Griffin* v. *State,* 4 Texas Ct. App. 411.   "Larceny" at common law is defined: "The wrongful or fraudulent taking of personal goods of some  intrinsic value belonging to another, without his assent, and with the intention to deprive the owner thereof permanently."   2 East P. C. 553; 2 Russ. Cr. 93.

It may be said that receiving stolen property knowing it to be stolen is included in theft, and that the indictment in this cause in one count charging theft in the original taker, is sufficient to sustain a conviction for receiving and concealing.   In answer to this we say that the indictment and statement of facts prove conclusively that the original taker committed the crime of embezzlement, and we further say that "theft" and embezzlement. are separate and distinct offenses.   *Griffin* v. *State,* 4 Texas Ct. App. 391; *Blandford* v. *State,* 10 Texas Ct.. App. 627.

Embezzlement is not one of the offenses which includes different degrees; wherefore it is contended that an indictment charging embezzlement in the original taker, and. that the receiver knew the property to be so embezzled as the indictment in this cause does charge, discloses no, offense against the laws of the State of Texas.   *Griffin* v. *State,* 4 Texas Ct. App. 411.

There can be no receiving of stolen property unless. there was theft in the beginning.   Bish. Cr. Law, sec.. 1095; *Cassels* v. *State,* 4 Yerg. 149; *Wright* v. *State,* 5. Yerg. 154.

It is so that when a defendant is indicted for theft, and the evidence shows that he did not steal the property, but that he knowing it to have been stolen, did fraudulently receive the same, that he, under proper instructions from the court, might be convicted for receiving stolen property, knowing it to be stolen. *Parchmann* v. *State*, 2 Texas Ct. App. 228; *Vincent* v. *State*, 10 Texas Ct. App. 330.

In the cases last cited the indictment charged the greater offense, "theft;" and the conviction was for a lesser offense. The greater offense includes the lesser one, but the lesser does not include the greater. An indictment charging murder will support a conviction for aggravated assault; but the converse of the proposition is not true. *Griffin* v. *State*, 4 Texas Ct. App. 412.

Embezzlement is not a degree of the offense defined in article 743 of the Penal Code, and the offense charged in the indictment in this cause, to wit: receiving embezzled property knowing it to be embezzled, is not defined in the Penal Code of this State; and, therefore, the defendant has not violated any law, and the court should have sustained the motion to quash.

*B. Coopwood* also for the appellant, filed an able brief and argument.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J. The appellant was convicted for receiving property which had been embezzled, his punishment being fixed at two years' confinement in the State penitentiary. The indictment charges that one Conception Torres embezzled certain hides; not only the facts constituting embezzlement are averred, but the offense of embezzlement is charged in terms. It then alleges that the defendant received the hides knowing them to have been embezzled.

The question presented, conceding all this to be true, is, has the defendant Leal violated article 743 of the Penal Code, which reads: "If any person shall receive or conceal property which has been acquired by another in such manner as that the *acquisition* comes within the meaning of the term theft, knowing the same to have been so *acquired*, he shall be punished in the same manner as, by law, the person stealing the same would be liable to be punished." *(Italics ours.)* If Torres acquired the hides, and his acquisition was in such manner as to constitute the crime of theft, and defendant received them knowing them to have been so acquired, he would be liable. But were the hides so acquired? By no means. The allegations in the indictment place this question beyond cavil. The acquisition by Torres was not fraudulent, but was legal,— a duty,— and did not constitute theft. This being the case, receiving them by defendant was not a violation of the Code.

While it is true that a majority of this court have held that theft includes embezzlement, they have never held that embezzlement includes theft. To thus hold would make the lesser include the greater. But, be this as it may, no person can legally be convicted of receiving stolen goods unless when the *acquisition* was in such manner as to constitute theft. We are therefore of the opinion that to receive property which has been embezzled constitutes no offense against the law of this State.

The judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*